BEFORE THE SECOND DIVISION

SEPTEMBER 5, 1963

No. 67965.—The Rubber Corp. of Calif. v. United States, protests 61/6364 and 61/11259 (Los Angeles).— Plaintiff's application for rehearing granted. The following memorandum, in which RAO, J., concurred, accompanied the order vacating and setting aside decision and judgment:

FORD, Judge: This case was originally decided in 51 Cust. Ct. 162, Abstract 67872, and is now before us on a motion for rehearing filed on behalf of plaintiff herein. The motion is opposed by defendant. Both parties have filed memorandums in support of their respective positions.

The merchandise involved herein consists of certain lasts used on a jack conveyor. The court, in its decision, *supra*, overruled the claim of plaintiff that the merchandise is entitled to entry free of duty as shoe machinery under the provisions of paragraph 1643 of the Tariff Act of 1930, as amended. Plaintiff, in its memorandum, contends that certain colloquy between counsel and the court on pages 3 and 4 of the record amounts to a concession on behalf of defendant that the involved articles are parts of machines for making rubber boots. The pertinent portion of the record appears as follows:

JUDGE DONLON: Wait a minute. Counsel for plaintiff has stated that while the provision of 1643 reads, and it does, "shoe machinery," that the articles are parts of boot machinery.

MR. GLAD: They are parts of machinery which make boots on the same conveyor which also makes shoes.

JUDGE DONLON: I recognize there is a point of law here which has some aspects of fact. Is there any argument between the parties that in fact this merchandise is parts of machinery which makes boots? I want to find out what is the area of our difference. We have got a rule in reappraisements, Rule 15, and we are presently going to have a rule in these cases to narrow issues.

MRS. ZIFF: These were classified as parts of machines, your Honor.

JUDGE DONLON: Are you contending that they are not machines that are used to make boots?

MRS. ZIFF: These are used for making boots and these are parts of machines for making boots, your Honor. That is the basis.

JUDGE DONLON: You do accept that but you challenge that boots are covered under shoe machinery. I am trying to find out what your position is.

MRS. ZIFF: Our position is that these are parts of machines for making rubber boots and they are parts of nothing else.

JUDGE DONLON: All right, on that issue only the barest testimony will be required.

The above colloquy as indicated was made as part of the opening statement. However, in the record of the case, an effort to stipulate was made on behalf of plaintiff and the stipulation was subsequently withdrawn by virtue of the limitation of said stipulation by counsel for the defendant. The pertinent portions of the record relative to this are as follows:

MR. GLAD: I offer to stipulate that a four-buckle overshoe last and the boot last are essential to the conveying machine in the manufacturing of boots and four-buckle overshoes, rubber boots and rubber four-buckle overshoes.

MRS. ZIFF: I will agree to stipulate that the four-buckle last and the knee-boot last is essential to the making of rubber knee boots and four-buckle rubber boots.

MR. GLAD: I will also stipulate——

JUDGE DONLON: Wait a minute, the court really is still here, you know. The difference, I take it, between the kind of stipulation which counsel assents to and the kind to which you offered, and this is a confused situation and we had better be pretty careful what it is we are saying, is that they will not concede that it is used with machinery. She has declined to accept that part on the statement she made. She won't stipulate that it's used with machinery.

MR. GLAD: Will you stipulate that it is used with a conveyor?

JUDGE DONLON: Merely that it is used, and you must develop how it is used. You said it was used, is that right, Mrs. Ziff?

MRS. ZIFF: I will agree only to the stipulation as I have worded it.

JUDGE DONLON: That it is not, and not that it is used with machinery.

MRS. ZIFF: Only that it is used for making boots as stated.

JUDGE DONLON: Will you accept that stipulation?

MR. GLAD: I will withdraw my stipulation.

JUDGE DONLON: You withdraw your stipulation; the stipulation is withdrawn.

The confusion of counsel as to what was stipulated, as well as the question which arose by virtue of the difference of classification of the same article in each of the protests and the lack of evidence relating to the chief use of the jack conveyor, requires, in our opinion and in the interest of justice, that the decision and judgment in this matter be set aside and the case restored to the next Los Angeles calendar for all purposes.

Order will issue accordingly.